

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 17, 1963

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 14, Texas

Opinion No. C- 99

Re: Various questions relative to
H.B. 50 as passed by the current
Legislature

Dear Mr. Greer:

In your recent request for an opinion from this office, you
state that on May 14, 1963, Governor Connally signed into law
House Bill 50 of the current session of the Legislature and that
this bill, among other matters, adds a new article to the existing
statute relating to speed of vehicles and rules of enforcement.

You have submitted to us a request for our opinion on the
following questions:

"1. Section 167(b). Does the authority of the State
Highway Commission to alter maximum speed limits
on any highway, road or street, or part thereof,
which is officially designated or marked by the
State Highway Commission as a part of the State
Highway System extend within the limits of an
incorporated city, town or village, including
Home Rule Cities, regardless of whether such
highway, road or street, or part thereof, has
been declared to be a limited-access or control-
led-access highway?"

"2. Section 170(b). Does the authority of the State
Highway Commission to establish minimum speed
limits on any highway, road or street, or part
thereof, which is officially designated or marked
by the State Highway Commission as a part of the
State Highway System extend within the limits of
an incorporated city, town, or village, including
Home Rule Cities, regardless of whether such highway,

-486-

road or street, or part thereof, has been declared to be a limited-access or controlled-access highway?"

"3. Section 169(b). On highways, roads or streets, or parts thereof, lying within the corporate limits of a city, town or village, including Home Rule Cities, which have been officially designated or marked by the State Highway Commission as a part of the State Highway System, does the State Highway Commission have the authority under Section 167 to supersede speed limits set by a city ordinance, regardless of whether such highways, roads or streets or parts thereof, have been declared to be a limited-access highway?"

Section 167(b) of H.B. 50 provides:

"'(b) The authority of the State Highway Commission to alter maximum speed limits shall exist with respect to any part of any highway, road or street officially designated or marked by the State Highway Commission as part of the State Highway System. Also, this authority shall exist both within and without the limits of an incorporated city, town or village, including Home Rule Cities, with respect to highways declared to be limited-access or controlled-access highways as defined by this Act.'"

Section 170(b) of H.B. 50 provides:

"'(b) Whenever the State Highway Commission, County Commissioners Court or the governing body of any incorporated city, town or village, within their respective jurisdiction, as specified in Sections 167 and 169, determine on the basis of an engineering and traffic investigation that slow speeds on any part of a highway consistently impede the normal and reasonable movement of traffic, the said State Highway Commission, County Commissioners Courts or governing body of an incorporated city, town or village, are hereby empowered and may determine and declare a minimum speed limit thereat or thereon, and when appropriate signs are erected, giving notice of such minimum speed limit, no person shall drive a vehicle below that limit except when necessary for safe operation or in compliance with law.'"

Section 169(b) of H.B. 50 provides:

"'(b)  The governing body of an incorporated city, town or village, with respect to any highway, street or part of a highway or street, including those marked as a route of a highway of the State Highway System, within its corporate limits, shall have the same authority by city ordinance to alter maximum prima facie speed limits upon the basis of an engineering and traffic investigation as that delegated to the State Highway Commission with respect to any officially designated or market highway, road or street of the State Highway System; provided that under no circumstances shall any such governing body have the authority to modify or alter the basic rule established in paragraph (a) of Section 166, nor to establish a speed limit higher than sixty (60) miles per hour, and provided, further, that any order of the State Highway Commission declaring a speed limit upon any part of a designated or marked route of the State Highway System made pursuant to Section 167 shall supersede any city ordinance in conflict therewith.'"

Subsection (9) of Section 13, Article 6701d of Vernon's Civil Statutes reads as follows:

"(9)  <u>Limited-Access or Controlled-Access Highway.</u>

<u>Every highway, street or roadway in respect to which owners or occupants of abutting lands and other persons have no legal right of access to or from the same except at such points only and in such manner as may be determined by the public authority having jurisdiction over such highway, street or roadway.</u>"

Section 26 of Article 6701d, V.C.S., further states:

"The provisions of this Act shall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule, or regulation in conflict with the provisions of this Act unless expressly authorized herein."

Section 30 of Article 6701d, V.C.S., also states:

"(a)  The State Highway Department may place and maintain, or under the authority of Senate Bill No.

415, Acts, 46th Legislature, Regular Session, pro-
vide for such placing and maintaining such traffic-
control devices, conforming to its manual and speci-
fications, upon all state highways as it may deem
necessary, to indicate and carry out the provisions
of this Act or to regulate, warn or guide traffic."

"(b) No local authority shall place or maintain any
traffic-control device upon any highway under the
jurisdiction of the State Highway Department except
by the latter's permission."

Section 165 of Article 6701d, V.C.S., states the following:

"Nothing in this Act shall be construed to take
away from any incorporated city its authority and
jurisdiction over its streets except to the extent
provided herein in connection with State Highways
only, the cost of which has been paid in whole or
in part by the State."

Article 6674w-1, Powers of Commissions states the following:

"1. Authorization for modernization of Highway Facilities.

"To effectuate the purposes of this Act, the State
Highway Commission is empowered to lay out, construct,
maintain, and operate a modern State Highway System,
with emphasis on the construction of controlled access
facilities and to convert, wherever necessary, existing
streets, roads and highways into controlled access
facilities to modern standards of speed and safety; and
to plan for future highways. The State Highway Commis-
sion is further empowered to lay out, construct, maintain
and operate any designated State Highway, now or hereafter
constructed, with such control of access thereto as is
necessary to facilitate the flow of traffic, and promote
the Public Safety and Welfare, in any area of the State,
whether in or outside of the limits of any incorporated
city, town or village, including Home Rule Cities, and
to exercise all of the powers and procedures to it
granted by existing laws and this Act for the accomplish-
ment of such purposes and the exercise of such powers and
duties; . . ."

"Controlled access highways are built primarily for the
benefit of through traffic, while conventional highways

are built, among other things, to serve abutting land-
owners so that they may have access to a highway for
travel. . . ."

Pennysavers Oil Company of Texas v. State of Texas, 334 S.W.2d
546, 548 (Civ.App. 1960, error ref.), wherein the Court said:

"The State has the right under the provisions of
Article 6674-w and its police power, to provide
for one-way traffic, no U turns, division barriers,
no left or right turns, traffic laws, speeding and
parking regulations, circuitous routes; for the
changing of highways generally, . . ."

Therefore, in view of the foregoing, it is the opinion of this
Department that the Highway Commission is the public authority which
has jurisdiction over all state highways making up the State Highway
System including limited-access or controlled-access highways.

With regards to your questions number (1) and (2), it is our
opinion that the State Highway Commission has the authority to alter
maximum speed limits and to establish minimum speed limits on any
highway, road, or street or part thereof which is a part of the State
Highway System regardless of whether such highway, road or street, or
part thereof, has been declared to be a limited-access or controlled-
access highway. We wish to advise further, that any order of the
State Highway Commission declaring a speed limit upon any part of
the State Highway System shall supersede speed limits set by a city
ordinance.

## S U M M A R Y

House Bill 50 gives authority to the
State Highway Commission to alter maximum
speed limits and establish minimum speed
limits on limited-access or controlled-
access highways within or without the
limits of an incorporated city, town or
village, including Home Rule Cities, and
this shall supersede any speed limit set
by a city ordinance.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _William E. Osborn_
WILLIAM E. OSBORN
Assistant Attorney General

WC:WEO:pm

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Paul Phy
Ernest Fortenberry
Samuel Pharr
V. F. Taylor


APPROVED FOR THE ATTORNEY GENERAL

BY:  STANTON STONE